CAMPBELL, Judge.
This appeal raises a question of statutory construction. The trial court, in a final declaratory judgment, determined that ap-pellee did not act improperly when it rejected appellants’ construction bids on a reverse osmosis water treatment system. Neither appellant was licensed as a general contractor under chapter 489, Florida Statutes (1983), and for that reason appellee disqualified appellants’ bids. Appellants argue that they are exempt from licensing by section 489.103(1), which provides that chapter 489 does not apply to “[cjontrac-tors in work on bridges, roads, streets, highways, railroads, or utilities and services incidental thereto.”
Appellee argues that appellants misinterpret the exemption provided in section 489.-103(1) for “utilities and services incidental thereto.” Appellee maintains that the exemption does not apply to all utilities and services incidental thereto, but only to work on utilities and services incidental to work on bridges, roads, streets, highways or railroads. The trial judge agreed with appellee, and we affirm.
It is clear to us that the phrase “or utilities and services incidental thereto” modifies the subject matter of the first part of the exemption, that is, “work on bridges, roads, streets, highways, rail-roads_” Even if the grammatical construction of section 489.103(1) was not in itself enough to convince us of the correctness of the trial judge ruling, the addition of section 489.103(5) to the statute confirms our conclusion.
Section 489.103 is titled “Exemptions.” It provides, in pertinent parts:
This act does not apply to:
(1) Contractors in work on bridges, roads, streets, highways, railroads, or utilities and services incidental thereto.
[[Image here]]
(5) Public utilities on construction, maintenance and development work performed by their employees, which work is incidental to their business.
If section 489.103(1) were meant to be construed as appellants urge, to exempt all utilities, it would not have been necessary to include section 489.103(5), which exempts public utilities in regard to construction, maintenance and development work performed by their own employees. Moreover, section 489.103(5) clearly implies that while public utilities are exempt for work performed by their own employees, they are not exempt when the work is performed by individuals other than their own employees. To interpret section 489.103(5) otherwise would imply that the legislature enacted a meaningless provision.
In reaching this conclusion, we also realize that we are, or may be, in conflict with Wood-Hopkins Contracting Co. v. Roger J. Au & Son, Inc., 354 So.2d 446 (Fla. 1st DCA 1978). While it appears from Wood-Hopkins that the court there was not squarely presented with this question, the opinion does espouse the interpretation urged by appellants here.
Affirmed.
SCHEB, A.C.J., and SCHOONOVER, JJ., concur.